**Ruth M. PHILLIPS et al., Plaintiffs,**

v.

**The CARBORUNDUM COMPANY, Defendant.**

**Peter J. BRENNAN, Secretary of Labor, successor to James D. Hodgson, United States Department of Labor, Plaintiff,**

v.

**CARBORUNDUM COMPANY, a corporation, Defendant.**

**Civ. Nos. 1972–394, 1972–436.**

United States District Court, W. D. New York.

July 24, 1973.

Moot, Sprague, Marcy, Landy, Fernbach & Smythe, Buffalo, N. Y. (John B. Drenning, Buffalo, N. Y., of counsel), for plaintiffs in Civ. 1972–394.

Francis V. LaRuffa, Regional Sol., New York City (Laurel J. McKee, Chief Trial Atty., New York City, of counsel), U. S. Dept. of Labor, for plaintiff Secretary of Labor in Civ. 1972–436.

Cohen, Swados, Wright, Hanifin & Bradford, Buffalo, N. Y. (Thomas J. Hanifin, Jr., Buffalo, N. Y., of counsel), for defendant, Carborundum Co.

CURTIN, District Judge.

The above actions were consolidated by order of Judge John O. Henderson of this court on March 5, 1973 and referred to my Part for disposition. Both lawsuits charge that the Carborundum Company [Carborundum] failed to pay female employees at the same rate as male employees working at the same jobs. The attorneys for all the parties appeared before this court on March 16, 1973 orally arguing the motions previously filed. I directed the filing of additional briefs and a stipulation of fact about the proceedings previously held before the New York State Division of Human Rights. The private plaintiffs and Carborundum have filed a stipulation covering these proceedings and delivered to the court a decision of the State Human Rights Appeal Board of April 17, 1973. After considering the additional briefs filed and the oral argument made on May 10, 1973, the court files the following decision on the motions pending.

The action of Ruth M. Phillips, et al. v. The Carborundum Company, Civil 1972–394 [*Phillips*], brought by 22 female employees of Carborundum, was filed on July 25, 1972. The first two causes of action allege violations of the "Equal Pay" provisions of the Fair Labor Standards Act [F.L.S.A.], 29 U.S.C. § 201 et seq. The third cause of action charges a violation of Section 194 of the New York Labor Law. The complaint alleges a class action on behalf of all females employed by Carborundum at its plant in the Town of Wheatfield, New York. Although there is no diversity of citizenship between plaintiffs and defendant, the plaintiffs urge that, in the third cause of action, they are entitled to proceed in federal court under the doctrine of pendent jurisdiction.

The action in Hodgson v. Carborundum Company (now Brennan v. Carbo-

rundum Company), Civil 1972–436, filed by the Secretary of Labor on August 14, 1972, also charges violations of the Equal Pay provisions of the F.L.S.A. at the same Carborundum facility. The individual plaintiffs in *Phillips* (Civil 1972–394) concede that the commencement of the suit by the Secretary on August 14, 1972 terminates the right of those employees not filing consents to join in Civil 1972–394 to assert privately their F.L.S.A. claims [29 U.S.C. § 216(b)].

At the Wheatfield plant of Carborundum, abrasive substances are applied to suitable backing materials which are then fashioned into abrasive products. There are a number of different operations involved in the manufacturing process and a number of job classifications covering the various processes. There are about 628 persons employed there, with 340 working in the finishing plant where the abrasive products are put in final form for shipment. About 230 female employees are at the Wheatfield facility, of whom about 220 work in the finishing plant. All of the named plaintiffs in the *Phillips* case have been employed in the wide belt and narrow belt departments of the finishing plant, except for temporary assignment elsewhere. The employees at this facility, including the plaintiffs, are represented by the Oil, Chemical and Atomic Workers Local Union [Local Union], and the Oil, Chemical and Atomic Workers International Union [National Union]. For many years, Carborundum and the Unions have entered into a series of collective bargaining agreements establishing job classifications, wage rates and evaluation of various jobs. The agreement has a grievance procedure requiring binding arbitration for the resolution of disputes. Under these procedures, the evaluation of job content and claims about work actually being performed are subject to grievance and arbitration. Since 1969, the collective bargaining agreement has also included a clause prohibiting discrimination on the basis of sex.

In 1969, 43 female employees at Wheatfield filed complaints with the New York State Division of Human Rights [Human Rights Division] claiming discrimination and claiming also that, as females, they were being paid at lower rates than males for the performance of equal work.[1] Both Carborundum and the Local Union were named as parties respondent. After the Human Rights Division conducted an investigation and an inspection of the work being performed under the various job classifications, it determined that there was probable cause to believe that Carborundum and the Local Union had engaged in an unlawful discriminatory practice by maintaining a collective bargaining agreement which designated some job classifications as "male" and others as "female." However, the Human Rights Division determined that there was no probable cause to believe that Carborundum and the Local Union had engaged in the unlawful discriminatory practice of paying female employees less than male employees for the performance of equal work. Thus the equal pay charge was dismissed.

For purposes of this decision, it is not necessary to set forth a detailed history of the resulting litigation but, after the complainants protested the dismissal of the equal pay claim, the proceedings were reopened. The original decision, however, was eventually reaffirmed. An appeal was taken by 29 of the complainants, including all of the named plaintiffs in this action but one. On April 17, 1973, the Human Rights Appeal Board affirmed the order of dismissal.[2] Under state law, the complainants have the right to appeal to the Supreme Court, Appellate Division, of the State of New York.[3]

There are a number of motions pending before the court. In the *Phillips* case, Civil 1972–394, Carborundum moves to dismiss the third cause of action based upon the New York State Labor Law for lack of diversity between the parties. In both the Secretary's suit and the *Phillips* case, Carborundum has moved to dismiss all claims on the ground that the action of the Human Rights Division finding no probable cause in the proceeding brought there by a number of individual complainants is res judicata[4] and a bar to an action under the F.L.S.A. or the New York State Equal Pay Act. Carborundum has also moved in both actions to dismiss the complaints for lack of jurisdiction because the alleged disputes are required to be submitted to arbitration under the terms of the collective bargaining agreement between Carborundum and the Union. Also pending in both actions is Carborundum's motion for an order compelling the individual plaintiffs and the Secretary of Labor to join the Local Union and the National Union as parties defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure, and for a stay of the Secretary's suit until resolution of the motions in the *Phillips* suit.

The Secretary urges that the actions not be consolidated, that the joinder of the Unions not be ordered and that the employees not be required to exhaust the grievance procedures before prosecuting an action under Section 16(b) of the F.L.S.A. Furthermore, the Secretary urges that rulings by a state agency on equal pay claims arising under state law cannot bar the Secretary of Labor or private plaintiffs from maintaining actions to enforce equal pay claims under the federal laws. The Secretary moves that the order of consolidation be vacated.

■ The defendant Carborundum moves for the joinder of the National and Local Unions as parties defendant pursuant to Rule 19(a) of the Federal

1. The Human Rights Law of the State of New York is contained in New York Executive Law §§ 290–301 (McKinney 1972). The complaint procedure is set out in § 297.

2. New York Executive Law, McKinney's Consol.Laws, c. 18, *supra*, § 297–a.

3. *Id.* § 298.

4. *Id.* § 297(9).

Rules of Civil Procedure, claiming that, in the absence of the Unions, complete relief cannot be afforded among the parties and, if plaintiffs obtain any of the relief sought, Carborundum will be subjected to a substantial risk of incurring multiple and inconsistent obligations. Carborundum argues that, if relief is granted to the plaintiffs, the agreements between Carborundum and the Unions with respect to job content, wage scales and job classification will all be affected, that Carborundum will be obliged to bypass job evaluation provisions of the collective bargaining agreement, and that this is a matter in which the Unions and the male employees they represent have an important interest. In support of its application, Carborundum points out that 29 C.F.R. 800.106, a regulation issued by the Department of Labor with respect to "equal pay," provides:

> In situations where wage rates are governed by collective bargaining agreements, unions representing the employee shall share with the employer the responsibility for insuring that the wage rates required by such agreements will not cause the employer to make payments that are not in compliance with the equal pay provisions.

At first blush, Carborundum's argument is persuasive. Undoubtedly relief granted to the plaintiffs will have an impact on the actual wage paid to a number of the women employees at Carborundum and will change certain job classifications. Nevertheless, in the absence of the Unions, complete relief can be afforded to those already parties. The defendant's argument that judgment for the plaintiffs will subject Carborundum to a substantial risk of incurring multiple and inconsistent obligations is without merit. An order to pay women at an increased rate will not in any way affect its obligation to the male employees. Further, the provisions of the F.L.S.A. supersede the lower rates established by collective bargaining. Perhaps an order of the court directing

the payment of additional wages to certain women employees will be upsetting to some of the male workers and precipitate additional collective bargaining problems. Nevertheless, these reasons are not sufficient to require an order pursuant to Rule 19 adding the National Union and the Local Union as parties. *See* Hodgson v. Board of Education of Parsippany-Troy Hills, 344 F.Supp. 79, 86 (D.N.J.1972).

Carborundum's motion for the joinder of the National and Local Unions as parties is denied.

■ Carborundum moves to dismiss all causes of action on the ground that the alleged disputes must be submitted to arbitration under the terms of the collective bargaining agreement between the Unions and Carborundum. Carborundum argues that the claim of plaintiffs that they receive lesser pay for the performance of work alleged to be equal to that performed by male employees would be a "grievance" under the terms of the agreement. In Textile Workers Union v. Lincoln Mills, 353 U. S. 443, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957), and in subsequent decisions, the Supreme Court has indicated that arbitration is the preferred method of settling collective bargaining disputes. However, remitting an employee to arbitration is favored only when the employee's substantial rights are derived from the collective bargaining agreement. When the employee asserts rights derived from a federal statute, "the presumption of comprehensiveness of the arbitral remedy is . . . rebutted." United States Bulk Carrier v. Arguelles, 400 U.S. 351, 362, 91 S.Ct. 409, 415, 27 L.Ed.2d 456 (1971). In McKinney v. Missouri-Kansas-Texas R. Co., 357 U.S. 265, 268, 78 S.Ct. 1222, 1225, 2 L.Ed.2d 1305 (1958), the Supreme Court held that a returning serviceman seeking reemployment "was not obliged . . . to pursue remedies possibly available under the grievance procedure set forth in the collective bargaining agreement" before bringing an action in court under Section 9(d) of the Universal Military

Training and Service Act. And this was so even though determination of the statutory rights asserted by the serviceman may have involved interpretation of a collective bargaining agreement. In this case, the employees' statutory rights are derived from the statute itself and raise no issues of contract interpretation. Whether the women employees of Carborundum are entitled to equal pay depends not on the contract, but on the equal pay provisions of the F.L.S.A. For this reason, the individual employees are not required to exhaust any grievance procedures before prosecuting an action under the F.L.S.A. The motion of Carborundum to dismiss on this ground is denied.

 Defendant Carborundum claims that the action of the Human Rights Division dismissing the claims of the private litigants is a bar to the suits of both the Secretary and the private plaintiffs in this court. With respect to the Secretary's suit, he was not a party to the state agency proceeding and was not privy to any of the parties involved in the state action. Further, the purpose of the Secretary's action "is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest." Wirtz v. Jones, 340 F.2d 901, 904 (5th Cir. 1965). The Secretary's suit and the first two causes in the *Phillips* suit are based upon federal law. The causes of action asserted in both are different

from those previously urged by the private plaintiffs in the state proceeding. In Voutsis v. Union Carbide Corp., 452 F.2d 889 (1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972), the Second Circuit held that the doctrine of res judicata did not bar an employee who had previously filed charges of sex discrimination with a state agency and had entered into a consent settlement with the employer from proceeding against the same employer in federal court. *See also* Cooper v. Philip Morris, Inc., 464 F.2d 9 (6th Cir. 1972), and Tipler v. E. I. Dupont de Nemours and Co., 443 F.2d 125 (6th Cir. 1971). The fact that *Voutsis* was concerned with Title VII rather than the Equal Pay Act is not of importance. In Wirtz v. Wheaton Glass Co., 421 F.2d 259, 266 (1970), cert. denied, 398 U.S. 905, 90 S. Ct. 1696, 26 L.Ed.2d 64 (1970), the Third Circuit pointed out that "both statutes serve the same fundamental purpose." Nor can the private plaintiffs' suit be barred on the theory that they have elected a remedy. Voutsis v. Union Carbide Corp., *supra*, 452 F.2d at 893, 894.

Carborundum's motions to dismiss the federal actions of the Secretary and the private plaintiffs because of the action of the state agency are denied.

The third cause of action in the *Phillips* complaint is based upon an alleged violation of the New York State Labor Law (Sections 190 et seq.).[5] Although

---

5. Section 194 of the New York State Labor Law, McKinney's Consol.Laws, c. 31 provides in pertinent part as follows:

 1. No employee shall be paid a wage at a rate less than the rate at which an employee of the opposite sex in the same establishment is paid for equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions, except where payment is made pursuant to a differential based on:

 a. a seniority system;

 b. a merit system;

 c. a system which measures earnings by quantity or quality of production; or

 d. any other factor other than sex.

\* \* \* \* \* \*

 Section 198 of the New York State Labor Law provides as follows:

 1. In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs. No assignee of a wage claim, except the commissioner, shall be benefited by this provision.

 1-a. In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's

there is no diversity of citizenship between the plaintiffs and the defendant corporation, plaintiffs assert that the court may act because of the doctrine of pendent jurisdiction. The plaintiffs claim that the law and facts in the federal case are so similar to the law and facts in the state claim that both actions should be tried together. Plaintiffs also urge the court to consider the state claim as a class action in behalf of the approximately 230 female employees at the Wheatfield facility.

Plaintiffs allege their class action on these allegations in paragraphs 14 and 15 in the complaint:

14. The discrimination between employees of defendant by paying wages to female employees at a rate less than the rate at which the defendant pays wages to male employees for equal work under similar conditions is discrimination on the basis of sex and is prohibited by and in violation of Article 6 of the New York State Labor Law, Section 194 thereof.

15. In addition to the amounts due from defendant to the plaintiffs and other employees of the defendant similarly situated, plaintiffs also claim, on their own behalf and on behalf of other employees of defendant similarly situated, an additional sum as and for expenses and a further sum as liquidated damages equal to twenty-five per cent of the total amount of the wages found to be due by reason of the defendant's willful failure to pay the wage required by Article 6 of the Labor Law, as provided by the Labor Law, Section 198 thereof.

The affidavits supplied in answer to the motion do not spell out the claim in any greater detail.

■ Although the state and federal actions are similar, there are important differences. The state claim is subject to a six-year statute of limitations (New York Labor Law § 198, subd. 3), while the federal claim is subject to either a two or three-year statute of limitations (29 U.S.C. § 255), depending upon whether the violation is willful or not. There is also a difference between the state and federal definition of "equal." [6] The remedies of the state and federal law are substantially different. New York Labor Law, § 198, subd. 1–a, limits recovery to twenty-five percent of the amount of the unpaid wage if the violation is willful, while Title 29, United States Code, Section 216(b), provides that the "employer who violates the provisions of section 206 . . . shall be liable to the employee . . . in the amount of their unpaid minimum wage . . . and in an additional equal amount as liquidated damages." The purpose of the federal law is primarily to vindicate a public interest. The purpose of the state law is to remedy private wrongs.

If a class action is allowed for the state claim, many fact questions will arise which would not be present if only the federal cause of action were tried. The longer statute of limitations in the state will expand the suit over a six-year rather than a three-year period. The differences between state and federal law will require that certain facts be emphasized in the state claim and others

---

failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

2. The remedies provided by this article may be enforced simultaneously or consecutively as far as not inconsistent with each other.

3. Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years.

6. As an example, the New York agency rejected the equal pay claim filed by some of the plaintiffs on the ground that the work of men and women "required different degrees of physical involvement as relates to lighter v. heavier". Under the federal statute jobs may be equal even though physical involvement is different since effort as used in the federal act embraces mental as well as physical exertion. See Hodgson v. Daisy Mfg. Co., 317 F.Supp. 538 (W.D.Ark.1970), aff'd per curiam, 445 F.2d 823 (8th Cir. 1971).

in the federal. At present, it is not clear how many job classifications are involved, but many female employees who are not plaintiffs have worked at job classifications in which none of the plaintiffs have worked. There are a number of men and women, some plaintiffs and others not plaintiffs, who have worked at a number of different jobs and have transferred between jobs.

Plaintiffs have failed to satisfy the prerequisites of Rules 23(a)(2) and 23(a)(3) of the Federal Rules of Civil Procedure. Further, there is a conflict between the interests of the plaintiffs and the other proposed class members, thus offending Rule 23(a)(4). With the pendency of the Secretary's suit, a refusal to entertain the state claim as a class action will not create a risk of multiple suits leading to inconsistent adjudications with respect to individual members of the class [Rule 23(b)(1)(A)].

Because plaintiffs urge that the court take on the state claim under the doctrine of pendent jurisdiction, it may be that the decision whether the action should proceed as a class action should be decided by state law. *See* Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). But applying state law will not be helpful to the plaintiffs for New York courts have consistently given a most restrictive application to the New York statute governing class actions. *See generally*, Vol. 2, Weinstein-Korn-Miller, §§ 1005, 1005.04, 1005.06, and Gaynor v. Rockefeller, 15 N.Y.2d 120, 256 N.Y.S.2d 584, 204 N.E. 2d 627 (1965). Plaintiffs' motion to proceed in their third cause of action as a class action under state or federal law is denied.

Although the court has the power to assert pendent jurisdiction on the state claim for the named plaintiffs under the authority of United Mineworkers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), nevertheless, because of the differences between the claims which have already been cited,

the exercise of that power will not be in the interest of judicial economy, convenience or fairness to the litigants. Furthermore, Carborundum argues that the state claim of the plaintiffs is barred by the decision of the state agency. That question should be resolved in the state rather than the federal forum. The plaintiffs who have participated in the proceeding before the state agency have the right to appeal the present adverse decision to the Appellate Division.

The application to exercise pendent jurisdiction is denied.

Because there is no diversity between plaintiffs and defendant in the third cause of action in the *Phillips* complaint, that cause is dismissed. Plaintiffs and other female employees of Carborundum are free to press their state claim in the state forum.

The motion of defendant Carborundum for a stay of proceedings is denied, and the motion of the Secretary to vacate the order of consolidation is denied.

So ordered.