**Roberta ALEXANDER, Plaintiff,**

**v.**

**The UNIVERSITY OF MICHIGAN-FLINT et al., Defendants.**

**No. 79–40147.**

United States District Court,
E. D. Michigan, S. D.

Aug. 29, 1980.

---

James R. Buckley, Flint, Mich., for plaintiff.

Robert M. Vercruysse, Detroit, Mich., for defendants.

## MEMORANDUM

NEWBLATT, District Judge.

Plaintiff was employed at the Flint Campus of the University of Michigan from August 18, 1975 to June 30, 1979, as a Career Planning and Placement Officer. She has filed a complaint under the Equal Pay Act, 29 U.S.C. § 206(d), alleging that she was paid lower wages than men in positions requiring the same skill, effort and responsibility as hers.

Defendant has filed a Motion for Summary Judgment on the grounds that Plaintiff is limited to comparing herself with men employed at U. of M. Flint because it, and not the U. of M. as a whole, is the establishment with which the Equal Pay Act is concerned; that there are no such similarly situated men at UM-Flint; and that the complaint must therefore fail.

Under the Act, an employer cannot discriminate on the basis of sex "within any establishment," 29 U.S.C. § 206(d)(1). "Establishment" is defined as "a distinct physical place of business," not "an entire business or enterprise which may include several separate places of business," 29 CFR § 800.108; *Phillips v. Walling,* 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945).

Defendant has submitted the affidavit of Robert Scott, Personnel Director at the U of M-Flint. Uncontroverted by Plaintiff, the affidavit establishes that UM-Flint makes decisions regarding staff (including hiring, salary and promotion) separate from any other UM Campus; that UM-Flint has a separate budget from other UM campuses; and that UM-Flint has its own department heads and personnel department, as well as its own Chancellor, who reports to the President of the University (in Ann Arbor). Defendant also points out and the Court can take judicial notice that UM-Flint is geographically separate from UM-Ann Arbor.

As stated, Plaintiff does not dispute these assertions, but presents other facts [1] regarding the University's composition through which Plaintiff seeks to support his contention that the University as a whole and not just the UM-Flint, is the appropriate establishment under the Act.

Essentially, Plaintiff asserts that the University has a number of university-wide policies and procedures, such as one salary plan and evaluation program, one set of policies and benefits for non-union personnel and one set of job descriptions, including one, university-wide method of obtaining job classification changes.

As stated, Defendant does not dispute these, but concentrates on its statement, supported by affidavit, that decisions made as to jobs and salaries, although within guidelines set by the University, are discretionary on the part of the management personnel at each campus.

Neither party has cited a case with facts directly on point with those presently before the Court. Rather, each case recognizes the regulatory requirement of a separate establishment and turns on its distinct facts. Certain factors reappear, however, to aid in the determination of what is a separate establishment.

■ Physical separation is a major factor. *Phillips v. Walling*, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945); *Mitchell v. Bekins Van & Storage*, 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed.2d 589 (1957). More important, however, is the amount and degree to which the physically separate places of business interact. Thus, although Plaintiff maintains that schools within one school district are generally held to be one establishment, it is the central administrative office, with sole authority to hire, fire, set wages, and assign employees to any school within the system, and not the common name or similarity of responsibility of the employees, which leads courts to conclude a school is a solitary establishment, *Brennan v. Goosecreek Consolidated Indiana School District*, 519 F.2d 53 (5th Cir. 1975); *Brennan v. Board of Education, Jersey City*, 374 F.Supp. 817 (D.N.J.1974). This same conclusion was reached by Judge Joiner in *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168 (D.C.Mich.1978). See also, *Schultz v. Corning Glass Works*, D.C., 319 F.Supp. 1161, *mod. on other grounds*, 2nd Cir., 474 F.2d 226, *aff'd, sub nom Brennan v. Corning Glass Works*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

Under the facts of this case, on the record before the Court, the Court holds that UM-Flint is the establishment in issue here, not the UM as a whole.

■ To survive Defendant's motion for Summary Judgment, the Plaintiff must therefore establish that there are men similarly situated to her on the Flint campus. In an affidavit filed on June 19, Plaintiff states that she was to be reclassified to director of work-related programs, effective July 1, 1976, to replace Dr. Richard Nyerges. Plaintiff states that Dr. Nyerges was classified as a level 10 while she was placed at level 9. Defendant has filed two affidavits in opposition to Plaintiff's affidavit, in which Dr. Nyerges and Mr. Scott, the Director of Personnel, state that Dr. Nyerges handled the duties of Director without compensation additional to that he received as Associate Professor.

Defendant also filed a Motion to Strike portions of Plaintiff's affidavit. Defendant asserts that ¶¶ 4–7 are not based on Plaintiff's personal knowledge and that the information contained in those paragraphs is inadmissible. The first objection is to Plaintiff's statement that Dr. Nyerges was placed at level 10. In Plaintiff's reply brief, she cites information provided to the Plaintiff pursuant to discovery [2] as support

---

1. Although Plaintiff's assertions are contained only in the brief, and, with the exception of the statement that the salary-grade schedule is university-wide, not supported by affidavit, Defendant makes no attempt to dispute them in his reply brief. Thus, for purposes of this Mo-

tion, the Court will assume Plaintiff's assertions to be true.

2. At the Court's verbal request, copies of this information were submitted to the Court, and, at the Court's direction, made part of the file.

for this. In response to Plaintiff's request for the "salary scale of the position of Director of Work Related Programs on or about August 18, 1975," Defendant stated that there was no salary scale, but that the person performing those duties, in addition to other duties, was placed on a scale of $14,000—$20,900. The compensation schedule for 1975–76 also provided to Plaintiff by Defendant shows that this was the scale used for level 10 positions. The propriety of Plaintiff's affidavit thus is moot, as the information is in the record through Defendant's statements.

The second objection is to Plaintiff's assertion that Dr. Nyerges remains on the staff of UM-Flint. Dr. Nyerges' affidavit, filed July 10, 1980, establishes that fact.

Third, Defendant characterizes Plaintiff's statement that the complaint is directed at the salary evaluation process as conclusory and objects to Plaintiff's assertion of university-wide discrimination as not within Plaintiff's knowledge. These statements merely reiterate the essence of the complaint; the Court finds them proper.

The record presently before this Court, therefore, establishes that Plaintiff held the position of Director of Work Related Programs at UM-Flint at a Level 9 salary range. The salary range for her predecessor was $14,000—$20,900; the same as the range for level 10 positions. The University has stated that Dr. Nyerges' status as an assistant professor justifies the difference. The validity of this claim and the determination of whether Dr. Nyerges and the Plaintiff were placed in substantially equal positions in terms of skill, effort and responsibility are questions of fact not established by the present record. For this reason, Defendant's Motion for Summary Judgment to the extent that it requires the Court to find that there are no men at UM-Flint in situations similar to Plaintiff is denied.

The matter is set for an Interim Pretrial Conference on the 22nd day of October, 1980 at 2:30 p. m.

IT IS SO ORDERED.