Stephanie E. **FORSBERG, individually and on behalf of all other similarly situated persons, Plaintiff,**

v.

**PACIFIC NORTHWEST BELL TELE-PHONE, CO., a Washington corporation, Defendant.**

**Communication Workers of America (International), Communication Workers of America Local 9201, Communication Workers of America Local 9204, Communication Workers of America Local 9206, Communication Workers of America Local 9208, Non-aligned Parties.**

Civ. No. 84–1401–FR.

United States District Court, D. Oregon.

Oct. 22, 1985.

Dan O. Leary, Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Henry Kantor, Delo, Kantor & Stamm, Portland, Or., for plaintiff.

Lester V. Smith, Jr., Kenneth E. Jernstedt, David H. Wilson, Jr., Corbett Gordon, Bullard, Korshoj, Smith & Jernstedt, P.C., Portland, Or., for defendant.

## ORDER

FRYE, Judge:

In the matter before the court, defendant, Pacific Northwest Bell Telephone Co., moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's Equal Pay Act claim in her second amended complaint. Defendant asserts that plaintiff has failed to allege facts satisfying the "establishment" element of her Equal Pay Act claim.

## BACKGROUND

On March 29, 1984, this court granted defendant's motion to dismiss plaintiff's complaint with leave to amend. The court addressed the "establishment" requirement under the Equal Pay Act in addition to other issues and stated:

> This court recognizes that a claim under the Equal Pay Act is generally subject to the 'single establishment' limitation defined in 29 C.F.R. § 800.108 and discussed in *Bartelt v. Berlitz School of Languages of America*, 698 F.2d 1003, 1005–1007 (9th Cir.1983). Equal Pay Act claims must ordinarily be presented and proven within a single establishment. However, the definition of 'establishment' contained in the EEOC regulations is not without reservation. The definition states that 'each physically separate place of business is *ordinarily* considered a separate establishment.' 29 C.F.R. § 800.108. While the court will not permit this definition to defeat the spirit and purpose of the Equal Pay Act, the limitation is applicable where special circumstances are not presented. Plaintiff in this action has failed to allege any

special circumstances which would obviate the single establishment limitation. This issue should be addressed if plaintiff repleads the Equal Pay Act claim. Opinion and Order at 13 and 14.

In her second amended complaint plaintiff now alleges at page 2, lines 11–15: "As the conduct of defendant as alleged herein affected and affects groups of defendant's employees on a company-wide basis, without distinguishing among geographically separate locations, special circumstances exist which justify consideration of defendant's entire business operations as a single establishment for the purposes of this case."

Defendant claims that this allegation is not sufficient to satisfy the "establishment" requirement of plaintiff's prima facie case and moves to dismiss the Equal Pay Act claim.

### APPLICABLE STANDARD

Defendant's motion to dismiss will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In making this determination under Fed.R.Civ.P. 12(b)(6), the court is limited to consideration of the facts that appear on the face of the complaint.

### ANALYSIS AND CONCLUSION

■ Plaintiff relies upon *AFSCME, AFL–CIO v. County of Nassau,* 609 F.Supp. 695 (D.C.N.Y.1985) in support of her claim that physically separate workplaces can constitute a single establishment under the Equal Pay Act if there is a significant functional relationship between the work of the employees in various location. The court is *AFSCME* explained:

Recognizing the practical problems inherent in a rigid geographic interpretation of 'establishment,' the courts in recent years have adopted a more functional approach in determining the relevant establishment for employers with physically dispersed operations. Several courts have found that operations spread throughout numerous physical locations can constitute a single establishment for purposes of the EPA. *See Marshall v. Dallas Independent School District,* 605 F.2d 191 (5th Cir.1979) (a school district operating 182 schools is a single establishment); *Brennan v. Goose Creek Consolidated Independent School District,* 519 F.2d 53 (5th Cir.1975) (a school district operating thirteen schools is a single establishment); *Grumbine v. United States,* 586 F.Supp. 1144, 34 FEP Cases (BNA) 847 (D.D.C.1984) (the entire federal civil service is a single establishment). Even in the recent cases which held that a single physical place of business is the relevant establishment, the courts acknowledged that physical proximity is just one factor bearing on the establishment determination. *Alexander v. Univ. of Michigan-Flint,* 509 F.Supp. 627, 629 (E.D.Mich.1980); *Wetzel v. Liberty Mutual Insurance Co.,* 449 F.Supp 397, 407 (W.D.Pa.1978). 'More important, however, is the amount and degree to which physically separate places of business interact.' *Alexander,* 509 F.Supp. at 629.

609 F.Supp at 705.

The court in *AFSCME* concluded that physically separate work places can constitute a single establishment under the Equal Pay Act if there is a significant functional relationship between the work of the employees in the various locations. 609 F.Supp at 607.

The defendant argues that plaintiff's allegation in her second amended complaint is not adequate even under the *AFSCME* case, but that even if it is adequate, the *AFSCME* ruling should be limited to cases involving public employers.

The defendant in the *AFSCME* case was a public employer, but the reasoning of the court in that case applies equally to private employers. The defendant has not convinced this court that there is any reason to treat private employers differently from public employers in relation to this aspect of the Equal Pay Act.

Applying the standard for dismissal under Fed.R.Civ.P. 12(b)(6) to the present case, the court cannot say beyond doubt that plaintiff could not prove that the actions of the defendant are sufficiently interrelated between employees in various location to constitute a single "establishment" under the Equal Pay Act.

IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's claim under the Equal Pay Act in plaintiff's second amended complaint is DENIED.