**Kimberly Hermann GODLEWSKI, Plaintiff,**

v.

**AFFILIATED COMPUTER SERVICES, INC., Defendant.**

No. CIV.A.3:02CV544.

United States District Court, E.D. Virginia, Richmond Division.

Sept. 19, 2002.

James S. Crockett, Jr., Bradfute Warwick Davenport, Jr., Troutman Sanders, LLP, Richmond, VA, for plaintiff.

Charles Michael Sims, LeClair Ryan, Charles Garrison Meyer, III, LeClair Ryan PC, Richmond, VA, for defendant.

### *MEMORANDUM OPINION*

SPENCER, District Judge.

This matter is before the Court on Plaintiff's Motion for Default Judgment as to Count I of the Complaint. For the reasons stated below, the Plaintiff's Motion is DENIED.

## I.

Ms. Godlewski served ACS with a two-count Complaint on July 30, 2002. Count I seeks damages for alleged breach of contract and Count II seeks damages for alleged fraud in the inducement. On August 16, 2002, ACS filed its Motion to Dismiss Count II of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ACS' Motion to Dismiss only addressed Count II of the complaint. ACS did not file an Answer or other pleading as to Count I of the Complaint within 20 days of being served with the Complaint. Ms. Godlewski claims that since ACS did not respond as to Count I within 20 days of being served, the averments in Count I are admitted under Rule 7(d) of the Federal Rules of Civil Procedure.

## II.

At issue is whether the filing of a Rule 12(b)(6) Motion to Dismiss as to Count II of the Complaint suspends the time for ACS to file an Answer as to Count I of the Complaint. Rule 12(a)(1)(A) provides that a Defendant shall file an answer within 20 days of being served with the complaint. Rule 12(a)(4) alters the standard 20 day period when a Rule 12 motion is filed to allow the Defendant to file an answer within 10 days of receiving notice of the court's action with respect to the Rule 12 motion. Neither Rule 12, Rule 7, nor Rule 55 provides whether a Rule 12 motion on one count of a complaint stops the running of the clock as to all counts in the complaint. Case law also fails to conclusively decide the issue. A majority of courts, however, hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. *See Finnegan v. University of Rochester Medical Center,* 180 F.R.D. 247 (W.D.N.Y.1998), *Ritts v. Dealers Alliance Credit Corp.,* 989 F.Supp. 1475 (N.D.Ga.1997); 5A C. WRIGHT AND A.MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 1346, 146 (2d ed. Supp. 2002).

The rationale underlying this majority rule is that the minority approach requires duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and causes confusion over the proper scope of discovery while the motion is pending. On the other hand, the minority approach has the advantage of preventing a party from using a partial Rule 12(b) motion to delay adjudication of the remaining portion of the action. *See* WRIGHT AND MILLER, *supra,* at 181. The only district court in the Fourth Circuit that has considered the issue sided with the majority view and allowed a defendant to file an answer after the court ruled on a Rule 12(b)(6) motion.. *FDIC v. Heidrick,* 812 F.Supp. 586, 591 (D.Md.1991).

The Plaintiff argues that the Court should adopt the minority view, but only cites a single Michigan district court case in support: *Gerlach v. Michigan Bell Telephone Co.,* 448 F.Supp. 1168 (E.D.Mich.1978). In *Gerlach,* the court's primary rationale for requiring an answer to counts not at issue under a Rule 12 motion is that separate counts are independent bases for a lawsuit and the parties are responsible for proceeding with litigation on those counts. *Gerlach,* 448 F.Supp. at 1174. While it is true that separate counts are independent bases for lawsuits, the *Gerlach* court fails to consider the pros and cons of the differing approaches. The *Gerlach* court's resolution of the issue under the minority approach is, in this Court's opinion, unnecessarily formalistic at the expense of sound policy and judicial economy.

This Court chooses to follow the majority approach. As other courts have noted, if the courts require a defendant to answer in "piecemeal fashion," a "procedural thicket would emerge. Thorny questions would arise as to how the case should proceed pending resolution of the motion." *Ricciuti v. New York City Transit Auth.,* 1991 WL 221110 at *2, 1991 U.S. Dist. LEXIS 13981 at *5 (S.D.N.Y.1991). In the interests of efficiency for all parties, including the courts, it is best to stall the proceedings on all counts until after the court rules on the Rule 12(b)(6) motion. In addition, any potential abuses or dilatory tactics which the minority approach seeks to prevent can also be guarded against under the majority approach

through the use of Rule 11 sanctions to deter abuse.

### III.

This Court adopts the majority view and will construe Rule 12(b)(6) motions to expand time for answering the entire pleading until 10 days after receiving notice of the Court's resolution of the Rule 12(b)(6) motion. Therefore, the Plaintiff's Motion for Default Judgment on Count I of the Complaint is DENIED.