**BROCKSOPP ENGINEERING, INC., Plaintiff,**

v.

**BACH–SIMPSON LTD., Bach–Simpson Inc., Katy Industries, Inc., and William Murphy, Defendants.**

Civ. A. No. 91–C–216.

United States District Court, E.D. Wisconsin.

April 18, 1991.

David DeBruin, Kravit, Lammiman & DeBruin, S.C., Milwaukee, Wis., for plaintiff.

Michael Bowen, Foley & Lardner, Milwaukee, Wis., for defendants.

## ORDER

TERENCE T. EVANS, District Judge.

The defendants have moved to vacate the clerk's certificate of entry of default against Bach–Simpson Ltd. or in the alternative to expand the time in which it may answer the complaint. The motion to vacate will be granted because the defendants' rule 12(b) motion alters the time period in which the defendants are required to respond to the complaint.

On February 15, 1991, Brocksopp Engineering, Inc. filed this lawsuit in Milwaukee County circuit court. It was removed to federal court on March 4, 1991.

Pursuant to rules 12 and 81(c) of the Federal Rules of Civil Procedure, the defendants had either 20 days after receipt of the summons and complaint or 5 days after removal, whichever was longer, to plead or otherwise defend. Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment in the event that a party fails to respond in a timely fashion to the service of a summons and complaint.

On March 11, 1991, the four defendants jointly filed a motion to dismiss. Bach Canada joined in the motion with respect to counts 3 through 7 of the complaint, but not counts 1 and 2.

Brocksopp now argues that default judgment should be entered against Bach Canada as to counts 1 and 2 because it failed to join the motion to dismiss on those counts. Brocksopp contends that a motion to dismiss directed to some but not all claims in an action does not alter the time in which a movant must serve a responsive pleading to the remaining claims.

In response, Bach Canada argues that rule 12(a) of the federal rules provides that the service of a 12(b) motion, whether or not it goes to all the claims in a complaint, enlarges the time for answering the remaining portions of the pleading.

I agree with Bach Canada.

Rule 12(a) seems clear to me. After setting forth deadlines for filing responsive pleadings, the rule says that:

> The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) If the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action....

*Gerlach v. Michigan Bell Telephone Co.,* 448 F.Supp. 1168, 1174 (E.D.Michigan), considered an issue like that raised here. In *Gerlach,* whose facts are remarkably similar to this case, the defendants filed a motion to dismiss which addressed counts three through six of the plaintiff's complaint. It did not address the first two counts.

The court held that the partial motion to dismiss did not alter the time limits of rule 12(a) with respect to the claims not addressed in the defendant's motion. *Gerlach,* 448 F.Supp. at 1174. It reasoned that separate counts are independent bases for lawsuits and that parties are responsible to proceed with litigation on those counts which are not challenged by a motion under rule 12(b).[1] *Id.*

I decline to adopt the *Gerlach* court's interpretation of rule 12(a). By my reading of the rule's language, a partial 12(b) motion enlarges the time to file an answer. Bach Canada has 10 days after the court rules on its motion to dismiss to file an answer.

I also agree with legal commentators who suggest that the *Gerlach* approach has significant disadvantages. It requires

1. Notably, the court did not enter an order of default judgment against the Michigan Bell. Instead, it gave the defendant 10 days to file an answer. Because plaintiffs had not been prejudiced by the failure to answer, default judgment was deemed too harsh and an inappropriate measure to impose on Michigan Bell.

duplicative sets of pleadings in the event that the 12(b) motion is denied and causes confusion over the proper scope of discovery during the motion's pendency. 5A C. Wright and A. Miller, *Federal Practice and Procedure* § 1346 at p. 181 (1990).

The defendants' motion to vacate the clerk's entry of default is GRANTED.

The defendants' motion to allow the appearance of Paul T. Fox, James W. Marks, Bradley S. Block, and Michael Silverman is hereby GRANTED.

SO ORDERED.