OIL EXPRESS NATIONAL, INC., Plaintiff/Counterclaim Defendant,

v.

John D'ALESSANDRO, Lawrence M. Hackett, Park Services, Inc., James F. Brown, Jr., Annella M. Brown, Barglick, J–Cam Inc., Service Concepts, Inc., Express Services of Indiana, Inc., Larry Chalos, Sally Chalos, Zarco & Associates, P.A. and Robert Zarco, Defendants/Counter-Plaintiffs/Third Party Plaintiffs,

v.

Dan BARNAS, Third-Party Defendant.

No. 96 C 1528.

United States District Court, N.D. Illinois, Eastern Division.

March 31, 1997.

Robert M. Ward, Joseph P. Reagen, Hill, Steadman & Simpson, Chicago, IL, for plaintiff.

Mary A. Benoit, Riebant & DeWald, Arlington Heights, IL and Robert Zarco, Zarco & Associates, Miami, FL, for defendants.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendants/counter-plaintiffs/third party plaintiffs John D'Alessandro, Lawrence M. Hackett, Park Services Inc., James F. Brown, Jr., Annella M. Brown, J–Cam Inc., Service Concepts, Inc., Express Services of Indiana, Inc., Fred Biancardi, Larry D. Chalos, and Sally D. Chalos ("Defendants") to extend the time in which to answer Counts I, II, and IV of Oil Express National's ("Oil Express") Second Amended Complaint until ten days after the Court issues its ruling on the motion to dismiss filed by Defendants.

## I. BACKGROUND

Defendants filed a partial motion to dismiss Counts III and V through VIII of plaintiff's Second Amended Complaint, and now wish to delay answering any of the unchallenged counts until a ruling has been made on their motion to dismiss. Defendants maintain that if the motion is granted, the number and scope of plaintiff's claims will be substantially narrowed. Defendants argue that postponing the filing of an answer will avoid confusion and reduce overall costs. At issue is the interpretation of Fed.R.Civ.P. 12(a)(4)(A) which does not specify whether a motion to dismiss must be for the entire complaint or only parts of the complaint in order to toll the time within which a defendant must answer.

## II. ANALYSIS

In presenting defenses and objections to pleadings, Fed.R.Civ.P. 12 provides:

"(a) **When Presented.**

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

(A) within 20 days after being served with the summons and complaint, ...

(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action: ..."

Whether a party is required to answer unchallenged counts after a Rule 12(b) motion has been filed as to certain, but not all, of the counts is an issue that has not received significant judicial attention. The majority of courts considering this question, however, have concluded that a party does not need to file an answer while a partial motion to dismiss is pending. In *Brocksopp Engineering, Inc. v. Bach–Simpson Ltd.*, 136 F.R.D. 485 (E.D.Wis.1991) multiple defendants joined in a motion to dismiss. One of the defendants did not join on all counts of the complaint and the plaintiff moved for a default judgment against that defendant for the counts on which they had failed to join. The court held that a partial 12(b) motion extended the time to answer all counts of the complaint and not merely those which were subject to the motion. *Id.* at 486–487. In *Business Incentives Co. v. Sony Corp. of America*, 397 F.Supp. 63 (S.D.N.Y.1975) defendants filed a motion to dismiss seven of nine counts with the remaining counts going unchallenged. The plaintiffs filed a motion for summary judgment on the remaining counts for failure to answer. The court held that defendant's time to answer was "automatically ... extended by its Rule 12(b)(6) motion." *Id.* at 64, 65. In the case before us, Defendants' have moved to dismiss four of eight counts

filed by plaintiff Oil Express National. This situation is identical to *Business Incentives Co. v. Sony Corp. of America.*

■ Legal commentators have suggested that not reading Fed.R.Civ.P. 12(a) as extending the time to answer, in the presence of a partial Rule 12(b) motion, is inefficient since it would result in possibly duplicative sets of pleadings in the event that the 12(b) motion is denied, and could cause confusion over the proper scope of discovery during the motion's pendency. *Brocksopp,* 136 F.R.D. at 486–487, citing 5A Wright & Miller, *Federal Practice and Procedure,* Civil 2d § 1346, at p. 181 (1990). We agree and as such find that a partial motion to dismiss allows for altering the limits of Fed.R.Civ.P. 12(a) with respect to answering those claims not addressed in Defendants' motion.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to extend their time to answer Counts I, II, and IV of Plaintiff's Second Amended Complaint until ten (10) days after this court rules on the motion to dismiss Counts III and V through VIII is GRANTED.