**John F. FINNEGAN, III, Plaintiff,**

**v.**

**UNIVERSITY OF ROCHESTER MEDICAL CENTER, a/k/a Strong Memorial Hospital, Robert Gross, M.D., Walid A. Nassif, M.D., Robert Griggs, M.D., Defendants.**

**No. 97–CV–6577L.**

United States District Court, W.D. New York.

June 30, 1998.

Trevor M. Fuller, Falls Church, VA, for plaintiff.

Daniel P. Purcell, Rochester, NY, for defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, John F. Finnegan, III, filed the complaint in this medical malpractice action on December 18, 1997. Defendants include three physicians who allegedly treated plaintiff ("the physician defendants"), and a hospital at which plaintiff was treated ("the hospital"). Jurisdiction is premised upon diversity of citizenship under 28 U.S.C. § 1332. Defendants have moved to dismiss the complaint. Plaintiff has moved for entry of default and for a default judgment against the defendant hospital on plaintiff's first cause of action.

## DISCUSSION

### I. Failure to File a Certificate of Merit

The complaint alleges three causes of action, two of which are at issue here.[1] The first cause of action alleges medical malpractice on the part of all the defendants. The second cause of action alleges negligence on the part of the hospital, though from the complaint it appears that this claim is based on the same allegations as the malpractice claim.

While defendants have moved to dismiss the complaint on various substantive grounds, they have also moved for a conditional order of dismissal requiring plaintiff to file a certificate of merit as required by N.Y. C.P.L.R. § 3012–a. That statute provides that in any medical malpractice action, the complaint must be accompanied by a certificate executed by the plaintiff's attorney declaring that the attorney has: reviewed the facts of the case; consulted with a licensed physician whom the attorney reasonably believes is knowledgeable in the relevant issues

---

1. The third cause of action, for invasion of privacy, is asserted only against one of the individual defendants, Dr. Walid A. Nassif, M.D. Plaintiff's attorney states upon information and belief that Dr. Nassif is currently a member of the United States armed forces stationed in Germany. He has never been served in this action and is not one of the moving defendants.

involved in the action; and concluded that there is a reasonable basis to commence the action. The statute also provides for certain requirements in the event that the attorney was unable to obtain such a consultation.

Plaintiff contends that § 3012–a does not govern this federal action because it is merely a state procedural rule that has no application here. In support of that assertion, plaintiff has cited only one case, *Milano by Milano v. Freed,* 767 F.Supp. 450 (S.D.N.Y. 1991), which did not involve § 3012–a or any statute analogous to § 3012–a.

Another district court from this circuit, however, has applied a similar Connecticut statute to a claim for medical malpractice. *See Law v. Greenwich Hosp.,* No. CIV. 396CV2147, 1997 WL 695506 (D.Conn. Oct. 21, 1997) (holding that certificate filed by the plaintiff was legally sufficient under Conn. Gen.Stat. § 52–109(a)). Courts from other circuits (including the Fourth Circuit, where plaintiff's attorney practices) have done likewise; *see Roth v. Dimensions Health Corp.,* 992 F.2d 36, 38 n. 5 (4th Cir.1993) (noting earlier case authority holding that similar Maryland statute "has been held to be substantive law for purposes of the *Erie* doctrine, and thus compliance with that Act is a prerequisite for Roth to recover under Maryland law in this diversity action") (citing *Davison v. Sinai Hosp.,* 462 F.Supp. 778 (D.Md. 1978), *aff'd,* 617 F.2d 361 (4th Cir.1980)); *Medrano v. Tenneco Equip. Corp.,* No. 95 C 50187, 1995 WL 756856 *1 (N.D.Ill. Dec. 12, 1995) (noting applicability of analogous Illinois statute requiring certificate of merit in product liability cases in federal court, "as this district has consistently found similar certification requirements to be applicable in federal diversity cases").

■ I agree with these cases that a state statute requiring a certificate of merit is substantive law that applies in a federal diversity action. As defendants recognize, however, "the proper sanction at this stage [i]s not dismissal, but to afford the [plaintiff] 30 days to comply with the statute." *Bowles v. State,* 208 A.D.2d 440, 443, 617 N.Y.S.2d 712 (1st Dep't 1994). *See, e.g., Dye v. Leve,* 181 A.D.2d 89, 90, 586 N.Y.S.2d 69 (4th Dep't 1992). I will therefore conditionally grant

defendants' motion and direct plaintiff to file a certificate of merit in compliance with C.P.L.R. § 3012–a within thirty days of the date of entry of this Decision and Order. Plaintiff's failure to do so will result in the complaint being dismissed. *See Kolb v. Strogh,* 158 A.D.2d 15, 22, 558 N.Y.S.2d 549 (2d Dep't 1990).

This ruling makes it unnecessary for me to consider defendants' other grounds for dismissal at this juncture. The motion to dismiss on those grounds will therefore be held in abeyance pending plaintiff's filing of a certificate of merit.

## II. Plaintiff's Motion for a Default Judgment

■ Plaintiff has moved for entry of default and for a default judgment against the hospital based on the hospital's failure to plead or otherwise defend with respect to the first cause of action, i.e., the malpractice claim. As stated, the hospital has moved to dismiss the second cause of action, but it states that it is not moving to dismiss the first cause of action on the merits at this time.

Plaintiff's motion is denied. For one thing, all the moving defendants have moved for an order requiring plaintiff to file a certificate of merit with respect to the first cause of action, so in that sense the hospital has responded to both the first and second causes of action.

Second, the language of Rule 12 itself does not support plaintiff's position. Rule 12(a)(4) states that the service of a motion under Rule 12 suspends the movant's time to file a responsive pleading until ten days after the court's disposition of the motion.

■ Third, the weight of the case authority (which is not extensive) holds that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. None of the cases cited by plaintiff involved situations even remotely similar to that in the case at bar, and the one case that the court has discovered that supports plaintiff's position, *Gerlach v. Michigan Bell Tel. Co.,* 448 F.Supp. 1168 (E.D.Mich.1978), appears to be

in the minority among the courts that have addressed this issue. Three district judges in this circuit have held that "[a]ny motion ... will suspend the time to answer any claim," *Ricciuti v. New York City Transit Auth.*, No. 90 Civ. 2823, 1991 WL 221110 *2 (S.D.N.Y.1997); *accord Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, No. 96 CIV. 2549, 1997 WL 97837 *7 (S.D.N.Y.1997); *Business Incentives Co. v. Sony Corp. of America*, 397 F.Supp. 63, 64–65 (S.D.N.Y. 1975), as have two district courts from the Seventh Circuit. *See Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D.Ill.1997) ("The majority of courts that have considered this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); *Brocksopp Engineering, Inc. v. Bach–Simpson Ltd.*, 136 F.R.D. 485, 486–87 (E.D.Wis.1991) (noting that *Gerlach's* approach would "require[ ] duplicative sets of pleadings in the event that the 12(b) motion is denied and cause[ ] confusion over the proper scope of discovery during the motion's pendency").

I agree with the reasoning of these cases, and conclude that the hospital's filing of a motion to dismiss the second cause of action suspended its time to defend against the first cause of action as well. Plaintiff's motion for a default judgment is therefore denied.

### CONCLUSION

Defendants' motion to dismiss the complaint (Item 6) is granted in part. Plaintiff is directed to file a certificate of merit in accordance with N.Y. C.P.L.R. § 3012–a within thirty (30) days of the date of entry of this Decision and Order. Plaintiff's failure to do so will result in dismissal of the complaint. In all other respects, defendants' motion is held in abeyance pending plaintiff's filing of a certificate of merit or further order of the court.

Plaintiff's motion for entry of default and for a default judgment (Item 10) is denied.

IT IS SO ORDERED.