Connolly, Thomas E., J.
This matter came on before this Court on defendant’s Motion for Relief from Judgment Pursuant to Mass.R.Civ.P. 60(b)(6) and 60(b)(1).[1]
The default which is the subject of this motion appears to be the preliminary default for failure to file answers to Counts VII and IX to the plaintiffs Complaint. It is not a final judgment as that term is used in Mass.R.Civ.P. 60(b) as a hearing on an assessment of damages would need to be held. The default which is the subject of this motion was entered for failure to file an answer to Counts VII and IX and was entered on June 29, 2010, soon followed by the filing of plaintiffs request for an assessment of damages on Counts VII and IX on July 8, 2010.
The key dates concerning this defendants’ motion to remove default are as follows:
April 2, 2010; Civil Action commenced.
April 14, 2010: Counsel for defendant accepts service on behalf of all three defendants.
May 5, 2010: Application by plaintiffs to default defendants for failure to answer or otherwise plead. Defendants defaulted.
May 25, 2010: Assented to Motion to Remove Default filed by defendants.
Defendant files motion to dismiss under Mass.R.Civ.P. 12(b)(6), except as to Counts Vil and IX.
June 10, 2010: Default removed.
June 29, 2010: Plaintiffs file another application to default the defendants for failure to answer or otherwise plead as to Counts VII and IX.
*525 July 8, 2010: Plaintiff files an application to assess damages on Counts VII and IX.
July 29, 2010: Defendant files Motion to Vacate the Default as to Counts VII and IX.
August 11, 2010: Court denies defendants motion to vacate default as to Counts VII and IX.
Sept. I, 2010: Defendants attempt to file an answer as to Counts VII and IX, and it is returned, by Clerk to defendants’ counsel due to default.
Sept. 20, 2010: Defendants’ Motion to Vacate default and file answers for Counts VII and IX.
Nov. 5, 2010: Plaintiffs’ Request for Entry of Final Judgment in sum certain $2,695,530.75.
Nov. 17, 2010: Hearing on Motion to Dismiss all counts except VII and IX.
Hearing on defendants’ Motion to Remove Default on Counts VII and IX (docket #11) before a different judge.
Nov. 24, 2010: Court denies Motion to Remove Default on Counts VII and IX (docket #11).
Feb. 3, 2011: Defendants file answer to all counts except as to Counts VII and IX.
March 15, 2011: Defendant flies Motion for Relief from Default Judgment Pursuant to Mass.R.Civ.P. 60(b).
July 14, 2011: Hearing held on defendants’ Motion for Relief from Default Judgment Pursuant to Mass.R.Civ.P. 60(b) (Connolly, J.) which is taken under advisement.
Court continues hearing on assessment of damages on Counts VII and IX, pending Court’s action on Motion to Vacate Judgment.
DISCUSSION
The above time record indicates that this civil action was commenced, that is, filed with the Clerk, on April 2, 2010. Counsel for the three defendants “accepted” service in writing for the three defendants on April 14, 2010. The plaintiffs filed an application to default the three defendants on May 5, 2010. The plaintiffs assented to the defendants’ motion to remove the default on May 25,2010, and the defendants filed their motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on Counts 1, 2, 3, 4, 5, 6, 8, 10, 11 and 12 (specifically not including Counts 7 and 9) on May 25, 2010.
Defendants’ counsel did not file an answer to Counts 7 and 9, because, as he has represented to the Court, he thought that he didn’t have to until the Court acted on his pending Motion to Dismiss. Then, on June 29, 2010, plaintiffs’ counsel then proceeded to file another application to default the defendants for failure to file their answers to Counts 7 and 9 and on July 8, 2010 filed an application to assess damages on Counts 7 and 9.
Thereinafter, the defendant has been trying unsuccessfully to remove the default as to Count 7 and 9 by filing two motions to vacate the default. Both motions were heard by the Court and denied by the Court. The first motion was filed July 27, 2010 and denied on August 11, 2010 (by a now retired judge) and the second motion was filed on July 27, 2010 and denied on November 24, 2010 by a different judge.
On March 15, 2011, the defendants again filed a motion for relief from judgment under Mass.R.Civ.P. 60(b). The plaintiffs’ motion for an assessment of damages and the defendants’ motion for relief from judgment were set down for a hearing on July 14,2011 at 2:00 p.m.
The Court had read all the papers in the case prior to the hearing. The Court held a hearing on the motion for relief from default judgment and took it under advisement. The Court did not take any action on the motion for an assessment of damages, as the Court’s action on the motion for relief from judgment will determine what, if any, action will need to be taken on the plaintiffs’ Motion for an Assessment of Damages.
The question presented is as follows:
Does the filing of a partial motion to dismiss certain Counts (here, Counts 1, 2, 3, 4, 5, 6, 8, 10, 11, and 12) stay the time period of filing an answer as the remaining counts (here, Counts 7 and 9)?
The Supreme Judicial Court has indicated that “[w]e generally follow the Federal Courts’ interpretation of Federal rules of civil procedure in construing our own identical rules . . . Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 800 (1987) (’Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, we interpret our rules consistently with the construction given their Federal counterparts . . .’)” Hermanson v. Szafarowicz, 457 Mass. 39, 49 (2010).
The defendants’ counsel in his submitted memorandum cites only one case in support of its position that the filing of a partial motion to dismiss does not stay the filing of an answer as to the remaining counts, namely, Gerluch v. Michigan Bell Telephone Co., 448 F.Sup. 1168 (E.D.Mich. 1978).
Gerluch “considered whether the filing a partial motion to dismiss certain Counts stayed the time period for filing an answer as to the remaining Counts. Reasoning that separate counts form independent losses of liabilify, the Court in Gerluch found "no reason for delaying the progress of the litigation with respect to those Counts of a Complaint which are not addressed by a motion filed under Rule 12(b). Gerluch at 448 F.Sup. at 1174.” Timgley Systems, Inc. v. CSC Consulting, Inc., 152 F.Sup.2d 95, 122 (D.Ma., 2001, Lindsey, J.). The Court in Timgley, supra at 122, stated in criticism of Gerluch decision as follows:
Since the issuance of the Gerluch decision, no court has relied on its reasoning or followed its rulings. In fact, one court explicitly rejected its reasoning. Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., *526 136 F.R.D. 485 (E.D.Wis. 1991). Relying on the language of Rule 12(a) and criticizing the Gerluch approach, the court in Brocksopp determined that, “a partial 12(b) motion enlarges the time to file an answer” with respect to the claims not addressed in the motion to dismiss. Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., 136 F.R.D. at 486; accord Baker v. Universal Die Casting, Inc., 725 F.Sup. 416, 420 (W.D.Ark. 1989). In addition, one commentator notes the disadvantage inherent in the Gerluch approach which results in the existence of duplicate pleadings if the motion to dismiss is denied. 5A Charles Allan Wright and Arthur R. Miller Federal Practice and Procedure §1346 (1990).
Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Sup.2d 95, 122 (D.Ma. 2001). See also: Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F.Sup.2d 598, 637-40 (Michigan, 2006); Godlewski v. Allied Computer Servs., Inc., 201 F.R.D. 571, 572 (E.D.Va. 2002) (noting that Gerluch is a minority view and rej ecting its rationale to hold that “in the interests of efficiency for all parties, including the courts, it is best to stall the proceedings on all counts until after the Court rules on the Rule 12(b)(6) motion”); Finnegan v. University of Rochester Medical Center, 180 F.R.D. 247 (W.D.N.Y. 1998); Alex Brown & Sons, Inc. v. Marine Midland Banks, Inc., 1997 WL 97837 *7 (S.D.N.Y. 1997); Circuit City Stores, Inc. v. Citgo Petroleum Corp., 1994 WE 483464*4 (E.D.Pa. 1994); Ricciuti v. New York City Transit Authority, 1991 WL 221110 *2 (S.D.N.Y. 1991); Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485 (E.D.Wis. 1991) (most often cited case indicating that the filing of a Rule 12(b)(6) motion stays the filing of an answer on all claims including the claims that are not subject- to the Motion to Dismiss); and Ideal Instruments, Inc. v. Rivard Instruments, Inc., 180 F.R.D. 247 (N.D.Iowa, 2006).
The plaintiffs have cited one 1978 federal district court case, Gerluch, whose rationale and decision has been discredited and rejected by eveiy Federal District Court and Court of Appeals which has considered the issue since 1978. This Court has been unable to find any Massachusetts case on point. It is on the basis of Gerluch that the plaintiffs ask this Court not to remove the default against the defendants on Counts 7 and 9 and to proceed to an assessment of damages where the plaintiffs claim for damages is in excess of $2.5 million dollars.[2]
This Court has not been able to find any Massachusetts cases on point and therefore will adopt the majority view (as opposed to the minority, which consists of one case, Gerluch, supra) that a motion brought under Rule 12(b)(6) to dismiss for failure to state a claim will extend the time to answer all claims brought in the complaint, even if the Motion to Dismiss does not address all the claims of the Complaint.
The time line on this case indicates that the defendants have filed their motions to remove the default as to Counts 7 and 9 on July 27, 2010, and again on September 20, 2010. This Court did not hear the motion to dismiss pursuant to Rule 12(b)(6) until November 17, 2010 and issued its order of denial on November 24, 2010.
Therefore the defendants were defaulted (R. 55a) by the Clerk in error on July 29, 2010, as the defendants’ Motion to Dismiss under R. 12(b)(6) was on file, having been filed on May 25, 2010 and awaiting a hearing. The hearing was held on the Motion to Dismiss on November 17, 2010, and the decision denying it was docketed on November 23, 2010. Accordingly, the earliest that the defendants needed to file their answers in this case to Courts 7 and 9 was 20 days after November 23, 2010, namely December 13, 2010. The defendant tried unsuccessfully at least twice to file the defendants’ answers but they were not allowed to file them because the Clerk had erroneously defaulted them for failing to file them earlier. In light of the defaults, the two judges who acted on the motions were evidently under the belief that the two defendants were properly defaulted by the Clerk which they were not. The defendants should not have been defaulted for their alleged failure to file their answers on Counts 7 and 9 and therefore the defendants should have been able to file their answers without any leave of Court on either July 27, 2010 or September 20, 2010. Or, as the Court of Appeals for the 10th Circuit stated in Ashley v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003): “we can say with confidence that an entiy of default against Crowley, LLC before it had any obligation to answer would have been incorrect as a matter of law.”
The plaintiffs attorney at the beginning of the hearing indicated that he believed that damages should be assessed on a default judgment in an amount over $2.5 million dollars. The default by the Clerk on July 29, 2010 was made in error and the default entered against the defendants for failure to timely file their answer to Counts 7 and 9 of the plaintiffs’ complaint must be vacated and this case should proceed on its merits. To allow this default to remain would be veiy unfair and unjust.
ORDER
The entry of default entered against the defendants, LBM Financial, LLC, Marcello Mallegni and Susan M. Alden on Counts 7 and 9 on June 29, 2010 is ORDERED VACATED and the defendants’ answers to Counts 7 and 9 if on file, shall be deemed to be timely filed, and if the defendants’ Answers to Counts 7 and 9 have not been filed with the papers of this case, said defendants shall file and serve their answers to Counts 7 and 9 within 20 days from the date of this Order.

In light of the discussion below, the Court construes this motion as a motion to remove default entered on Counts 7 and 9, to vacate the Clerk’s entry of default on June 29, 2010 as incorrectly and improvidently entered (docket No. 8) and to allow the defendants to file their answer to Counts 7 and 9 to the Complaint within twenty days from the date of this memorandum and order.

he Court notes that in the plaintiffs’ Opposition to Defendants’ Motion to Vacate Default as to Counts VII and EX (four pages), filed on July 27, 2010, the plaintiffs’ counsel cites one case in support of his opposition to the Defendants’ Motion to Vacate Default, that being Gerluch v. Michigan Bell Telephone Co., 448 F.Sup. 1168 (E.D.Mich., 1978), which as discussed herein is the only case which supports his position and does not call the Court’s attention to any of the many other cases which do not support his position. The Gerluch case is a “minority of one case.”