Samantha COMPTON, Plaintiff,

v.

**CITY OF HARRODSBURG, KENTUCKY, et al., Defendants.**

**Civil No. 5:12–cv–302–JMH.**

United States District Court, E.D. Kentucky, Central Division, at Lexington.

Nov. 29, 2012.

Hal D. Friedman, Michael Todd Cooper, Cooper & Friedman, PLLC, Louisville, KY, S. Marie Hellard, Lawrenceburg, KY, for Plaintiff.

**ORDER**

JOSEPH M. HOOD, Senior District Judge.

Before the Court is Defendants' collective motion to extend the time to file an answer to Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(a)(4). Because Defendants filed a Partial Motion to Dismiss in this action (D.E. 5), Defendants ask this Court to postpone their obligation to file a responsive pleading until fourteen days after this Court rules on Defendants' Partial Motion to Dismiss. For the reasons which follow, Defendants' motion is granted.

Pursuant to Fed.R.Civ.P. 12(a)(4), service of a motion under Fed.R.Civ.P. 12 alters the

time period in which a defendant must serve a responsive pleading to a plaintiff's complaint. Fed.R.Civ.P. 12(a)(4). However, the rule does not specify whether service of a Rule 12 motion alters the time in which a defendant must respond to the entire complaint, or the time in which a defendant must respond to only the claims not at issue in the Rule 12 motion. *See* 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed.) (noting that "[i]t is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading.").

To this Court's knowledge, neither the Sixth Circuit nor any Kentucky District Court has answered this question. However, the majority of federal courts that have addressed the issue have held that filing a partial motion to dismiss does indeed extend the time to file a responsive pleading with respect to all claims, including those not addressed in the motion. *See* 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed.) ("[T]he weight of limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").

This Court recognizes that the Eastern District of Michigan came to the opposite conclusion in 1978. *See Gerlach v. Mich. Bell Tel. Co.,* 448 F.Supp. 1168, 1174 (E.D.Mich.1978) (holding that "[s]eparate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under Fed.R.Civ.P. 12(b)."). However, the *Gerlach* opinion, which notably did not cite any authority for its ruling, stands alone like an Appaloosa in a herd of Thoroughbreds, and this Court declines to follow its lead. *Id.* Interestingly, the *Gerlach* court did not strictly adhere to its own ruling in the opinion, as the court declined to enter default judgment against the defendant on the claims that were not at issue in the motion to dismiss and, instead, allowed the defendant

an extra ten days from the date of the opinion to file an answer. *Id.*

Interpreting Rule 12(a)(4) to allow a party to postpone filing a complete responsive pleading until fourteen days after the court rules on a partial motion to dismiss accords with Fed.R.Civ.P. 1, which directs courts to construe the Rules in a manner that will "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Indeed, requiring parties to file responsive pleadings in a piecemeal fashion would undoubtedly create "duplicative sets of pleadings in the event that the Rule 12(b) motion is denied" and would "cause confusion over the proper scope of discovery during the motion's pendency." 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed.). Moreover, there does not seem to be any legitimate reason in the instant case to require Defendants to immediately respond to the claims in Plaintiff's Complaint that are not at issue in Defendants' Partial Motion to Dismiss.

Therefore, **IT IS ORDERED:**

1) that Defendants' Motion for an Extension of Time to File an Answer to Plaintiff's Complaint (D.E. 6) is **GRANTED.**

2) that pursuant to Fed.R.Civ.P. 12(a)(4), Defendants' answer will be due fourteen days after this Court's ruling on Defendants' Partial Motion to Dismiss.