Slip Op. 16-21

UNITED STATES COURT OF INTERNATIONAL TRADE

KENT INTERNATIONAL, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

Before: Leo M. Gordon, Judge

Court No. 15-00135

**MEMORANDUM and ORDER**

[Defendant's motion for extension of time granted; Plaintiff's cross-motion to stay denied.]

Dated: March 8, 2016

Philip Y. Simons and Jerry P. Wiskin, Simons & Wiskin, of South Amboy, NJ for Plaintiff Kent International, Inc.

Hardeep K. Josan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Amy M. Rubin, Assistant Director. Of counsel on the brief was Yelena Slepak, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection of New York, NY.

Gordon, Judge: Defendant United States moves to dismiss the second and third causes of action ("Count 2" and "Count 3" respectively) of Plaintiff's complaint under USCIT Rule 12(b)(6), and also moves for an extension of time to file its Answer to the first cause of action ("Count 1") until 15 days after the court decides the motion to dismiss. Plaintiff Kent International, Inc. ("Kent") opposes the motion for an extension of time and cross-moves to stay consideration of the partial motion to dismiss until the court disposes of Count 1. For the reasons set forth below, Defendant's motion for an extension of time

to file its answer to Count 1 is granted and Plaintiff's cross-motion for a stay is denied. The court reserves decision on Defendant's partial motion to dismiss.

Plaintiff imported a product known as WeeRide Kangaroo child bicycle seats. U.S. Customs and Border Protection ("Customs") classified the bicycle seats under HTSUS subheading 8714.99.80 as "Parts and accessories of vehicles of headings 8711 to 8713: Other: Other: Other" at a 10% duty rate. In Count 1 Plaintiff argues that the imported merchandise is properly classifiable under subheading 9401.80.40 as "Seats (other than those of heading 9402), whether or not convertible into beds, and parts thereof: Other seats: Of rubber or plastic: Other" at a duty-free rate. In Count 2 Plaintiff contends that Customs has an established and uniform practice of classifying child bicycle seats under HTSUS subheading 9401.80. In Count 3 Plaintiff claims that it is entitled to the same treatment afforded other importers of child bicycle seats pursuant to 19 C.F.R. § 177.12 and that the imported bicycle seats are classifiable under HTSUS subheading 9401.80.

Defendant argues that granting an extension of time pending the court's disposition of the partial motion to dismiss promotes efficiency in the litigation by avoiding the possibility of separate tracks for Plaintiff's different claims, and potentially narrowing the scope of litigation if Defendant's motion is granted. Def.'s Mot. to Extend Time Within Which to Resp. to Pl.'s Comp. at 2, ECF No. 15. Plaintiff counters that the parties would realize greater efficiency by litigating Count 1 first rather than "wasting judicial resources to adjudicate [Counts 2 and 3] which may never have to be reached." Pl.'s Opp. to Def.'s Mot. for an Extension of Time at 1, ECF No. 17. Plaintiff also contends that granting the

extension of time will prejudice Plaintiff "as there can be no discovery until after Defendant answers the Complaint." Id. at 2.

Service of a motion under USCIT Rule 12 alters the time for service of a responsive pleading to a complaint. USCIT R. 12(a)(2). Rule 12(a)(2) does not specify whether a pre-answer partial motion to dismiss tolls the time to answer a complaint. See USCIT R. 12(a)(2) (tolling the deadline for filing an answer until after disposition of a pre-answer 12(b) motion, but not specifying whether the same applies to a partial pre-answer motion to dismiss); 5B C. Wright & A. Miller, Federal Practice & Procedure § 1346 (3d ed. 2015) (explaining, in the context of the analogous Federal Rule of Civil Procedure, that "[i]t is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading").

A majority of courts addressing this issue have concluded that a pending partial motion to dismiss extends the deadline to answer all claims in a complaint. See, e.g., Compton v. City of Harrodsburg, 287 F.R.D. 401, 401-02 (E.D. Ky. 2012); Talbot v. Sentinel Ins. Co., 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012). But see Gerlach v. Michigan Bell Telephone Co., 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) (concluding that "[s]eparate counts are, by definition independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)"); Okaya (USA), Inc. v. United States, 27 CIT 1509, 1516 (2003) (reaching same conclusion and relying on Gerlach). In concluding that the deadline to answer is tolled where there is a pending partial motion to dismiss, the majority

courts have considered a number of factors against the backdrop of Rule 1 of the Federal Rules of Civil Procedure, "which directs courts to construe the Rules in a manner that will 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" Compton, 287 F.R.D. at 402 (quoting Fed. R. Civ. P. 1).[1] Among the considerations is whether requiring a defendant to answer a complaint even though it has filed a partial motion to dismiss could result in dual track litigation—one for those claims subject to the partial motion to dismiss and another for the remaining claims. To require a defendant to file an answer to those claims not subject to a motion to dismiss and subsequently have the defendant file an additional answer to any claim that survives a motion to dismiss would result in duplicative pleadings and potentially create confusion. See Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485, 486-87 (E.D. Wisc. 1991).

Additionally, those courts look to how (or whether) to permit the parties to conduct discovery for those claims not challenged in the motion. See Oil Express Nat'l, Inc. v. D'Alessandro, 173 F.R.D. 219, 221 (N.D. Ill. 1997) (noting that "[l]egal commentators have suggested that not reading Fed. R. Civ. P. 12(a) as extending the time to answer, in the presence of a partial Rule 12(b) motion, . . . could cause confusion over the proper scope of discovery during the motion's pendency"). In so doing, those courts weigh the potential for increased litigation costs in permitting discovery and managing deadlines for claims that have no legal merit against the possibility that parties might miss out on efficiencies that could result from conducting discovery on all claims at once, assuming the claim or claims survive the partial motion to dismiss. Cf., e.g. Carr v. N.Y. Stock Exch.,

---

[1] USCIT Rule 1 contains the identical instruction.

Inc., 414 F. Supp. 1292, 1305-06 (N.D. Cal. 1976) (highlighting efficiencies gained by limiting deposition of factual witness to causes of action that survived motion to dismiss). Lastly, they examine whether piecemeal litigation "would 'cause confusion over the proper scope of discovery'" during the pendency of the partial motion to dismiss. Compton, 287 F.R.D. at 402 (quoting Wright & A. Miller, supra).

With this reasoning in mind, the court agrees with Defendant that the most cost-effective and efficient course is to follow the ordinary litigation sequence and toll Defendant's time to answer while the court resolves the partial motion to dismiss. Defendant's proposed procedural posture enables consolidated discovery on any viable claims as well as a more straightforward final judgment thereafter. Less appealing is Plaintiff's proposed procedural posture (staying the partial motion to dismiss and adjudicating the merits of Count 1), which raises the possibility of dual tracks of litigation. It is true that consideration of the partial motion to dismiss will delay the time for Defendant's answer to the complaint. Nevertheless, avoiding the inefficiency and uncertainty occasioned by Plaintiff's dual-track approach outweighs, in the court's view, any prejudice to Plaintiff resulting from a short delay in the filing of Defendant's answer to the complaint. Cf. Hanley v. Volpe, 48 F.R.D. 387, 388 (E.D. Wisc. 1970).

Accordingly, it is hereby

**ORDERED** that Defendant's motion for an extension of time to answer the complaint until 15 days after the disposition of the outstanding partial motion to dismiss is granted; and it is further

**ORDERED** that Plaintiff's cross-motion to stay consideration of the partial motion to dismiss until after the court adjudicates Count 1 of the complaint is denied.

_____/s/ Leo M. Gordon_____
Judge Leo M. Gordon

Dated:   March 8, 2016
         New York, New York